James **WORTHAN**, Movant,

v.

**STATE of Missouri**, Respondent.

No. 46035.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 11, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1983.

Robert A. Hampe, St. Louis, for movant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GAERTNER, Judge.

Appeal from the denial of a motion for a Writ of Coram Nobis.

In April, 1975 and again in May of 1975 appellant entered pleas of guilty to two separate felonies. He was sentenced to concurrent sentences totalling five years imprisonment and completed serving the sentences in 1979. Now incarcerated following another conviction, he seeks to have these two prior convictions set aside as they are alleged to have an "adverse effect" upon his consideration for parole. He contends his guilty pleas in 1975 were involuntarily and unintelligently made because he was unaware and uninformed of some 15 constitutional rights pertaining to criminal trial procedure, e.g., right to trial by jury, right to remain silent or to testify, right of cross examination, etc. The trial court denied his motion without the appointment of counsel and without evidentiary hearing. Appellant's sole contention on appeal is that the trial court erred in failing to appoint counsel. We affirm.

> "The issuance of a writ of error coram nobis is not a matter of right, but rests in the court's discretion, *Arnold v. State,* 552 S.W.2d 286, 293 (Mo.App.1977), and the circumstances alleged and proved must be so inexorable that the court must find not only error, but that it is a grievance of such magnitude and of a 'fundamental character so as to compel relief.' *Id* at 293.

> .    .    .    .    .

> The right to relief by means of the writ is neither absolute nor allowed as a matter of right or routine."

*Dearing v. State,* 631 S.W.2d 328, 333 (Mo. banc 1982).

More recently in *Bainter v. State,* 644 S.W.2d 373, 374 (Mo.App.1982) this court has stated "a proceeding in the nature of a Writ of Error Coram Nobis is a civil proceeding even though it seeks relief from a criminal conviction. The petitioner is not entitled in a coram nobis proceeding to the appointment of counsel on the grounds of indigency. *Powell v. State,* 495 S.W.2d 633, 635 (Mo. banc 1973)."

Appellant bases his argument upon a single sentence taken from *Rodgers v. State,* 580 S.W.2d 514, 516 (Mo.App.1978); "[a]

petitioner in coram nobis is treated the same as a movant in a 27.26 proceeding." Appellant overlooks the fact that this statement is coupled with the observation that there is no constitutional right to counsel in either a 27.26 or a coram nobis proceeding.

Although appellant does not cite to *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), his out of context quotation from *Rodgers* implies the argument that the *Fields* mandate of appointment of counsel in every 27.26 motion is equally applicable to coram nobis. We disagree. *Fields* enunciated a rule of procedure requiring the appointment of counsel in 27.26 proceedings for the express purpose of obviating "the delay and confusion rather than speed and finality" attendant to inartfully drafted *pro se* motions to vacate. *Fields* does not speak to any constitutional entitlement to counsel in such proceedings.

We are not inclined to extend the per se procedural rule of *Fields* to coram nobis proceedings. Such a proceeding appeals solely to the discretion of the trial judge who may issue the writ when there is called to his attention a "grievance of such magnitude and of a 'fundamental character so as to compel relief'." *Dearing v. State,* supra at 333. Here, the learned and experienced trial judge in his order of denial found the allegations of appellant's motion to be refuted by the transcript of his guilty pleas. We have reviewed these transcripts and we agree. Appellant, under oath, alleges here his pleas were rendered involuntary because he was unaware of 15 itemized "constitutional" rights. Yet the transcripts of his guilty pleas show that on two separate occasions, he acknowledged to the trial judge that he was aware of each and every one of these rights. The special public defender who was appointed to represent appellant on appeal has since been succeeded by private counsel. Neither of these able attorneys has suggested how any appointed attorney might appeal to the discretion of the trial judge in the face of such a record.

Furthermore, appellant also alleges in his motion that he made an unavailing attack upon these convictions by a 27.26 motion

while serving the sentences imposed upon these convictions and that counsel was appointed to represent him therein. There comes a time when applications for post-conviction relief must come to an end and the taxpayers find some relief from repeatedly paying the cost of appointed counsel. Otherwise, the criminal justice system may seem to inhabit a world on the other side of a looking glass, peopled by Mad Hatters, Cheshire Cats and March Hares, presided over by a Queen for whom tomorrow can never come because it is always today.

The judgment is affirmed.

CRANDALL, P.J., and CRIST and REINHARD, JJ., concur.