David L. BENNETT, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 84599.

Supreme Court of Missouri,
En Banc.

Nov. 12, 2002.

Emmett D. Queener, Assistant State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Edgington, Assistant Attorney General, Jefferson City, for Respondent.

PER CURIAM.[1]

David L. Bennett pleaded guilty to two counts of second-degree statutory rape and one count of incest. He was sentenced to imprisonment. He then filed this action pursuant to Rule 24.035. His attached in forma pauperis affidavit contained an incomplete indication of indigency. The motion court denied relief without appointing counsel. Because counsel should have been appointed, the judgment is reversed, and the case is remanded.

Bennett's Rule 24.035 motion was filed pro se on the prescribed form. Question 18 on the form asks whether the movant has completed the sworn affidavit setting forth the required information. Bennett did not complete this question, but at-

tached to the motion was a signed and notarized in forma pauperis affidavit. The affidavit contained no information concerning Bennett's financial resources, but instead set out the names of witnesses and other information relating to the merits of his claims. The motion court entered judgment dismissing the motion without appointing counsel.

■ Rule 24.035, like Rule 27.26, its predecessor, is designed to discover and adjudicate all claims for relief in one application and avoid successive motions by requiring motions to be in questionnaire form and by providing for the appointment of counsel if the motion presents questions of law or issues of fact and the movant is shown to be indigent. *Fields v. State*, 572 S.W.2d 477, 480 (Mo. banc 1978). The rule contemplates the filing of an amended motion. *Rule 24.035(e)*; *Bullard v. State*, 853 S.W.2d 921, 922 (Mo. banc 1993).

Although an original pro se motion does not require any particular legal expertise, an amended motion differs significantly from the original motion. An amended motion is a final pleading, which requires legal expertise. Counsel must be appointed for indigent movants in order to assure its proper drafting. *Bullard* at 922. Failure of the appointed counsel to fulfill the requirements of Rule 24.035(e) results in abandonment, which may require appointment of new counsel. *Luleff v. State*, 807 S.W.2d 495, 497 (Mo. banc 1991).

■ Because of the vital role an attorney plays in motions filed pursuant to Rule 24.035 and Rule 29.15, a motion court should assure the appointment of counsel for indigent movants. Where it is clear from the record in the trial or plea court

---

1. This Court transferred this case after an affirmance pursuant to Rule 84.16(b) by the Court of Appeals, Southern District. *Mo. Const. article V, section 10*. Portions of the memorandum furnished the parties by that court are incorporated without further attribution.

that the movant was indigent, counsel should be appointed despite deficiencies in the in forma pauperis affidavit filed by the movant. If the movant was permitted to proceed in forma pauperis at the time the plea or trial was conducted,[2] the filing of a notarized, in forma pauperis affidavit form with the post-conviction motion is sufficient to appoint counsel.

Although counsel is appointed, in the context of a post-conviction motion under Rule 24.035 or Rule 29.15, the effect of a court's declaration of indigency is rather narrow. Under those rules, no cost deposit is required. *Rule 24.035(b); Rule 29.15(b).* The public defender is appointed to represent the movant and determines the movant's indigency. *Section 600.051, RSMo 2000.* If the movant is not indigent, the public defender is no longer available to the movant, *id.,* and the motion court can change its interlocutory order permitting the movant to proceed in forma pauperis.

In this case, the case record for Bennett's criminal proceeding indicates the public defender's notice of, and claims for, services was filed. This notice coupled with the filing of the incomplete in forma pauperis affidavit was sufficient indication of Bennett's indigency to appoint the public defender.

As the motion court did not have the benefit of this Court's analysis, the judgment is reversed, and the case is remanded.

All concur.

---

2. The motion court can take judicial notice of its case record indicating movant's in forma pauperis status during the criminal proceeding. *Arata v. Monsanto Chemical Co.,* 351 S.W.2d 717, 721 (Mo.1961).