Danielle SANFORD, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 72291.

Missouri Court of Appeals,
Western District.

July 26, 2011.

Alexa Irene Pearson, Assistant State Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, John M. Reeves, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division I: VICTOR C. HOWARD, Presiding Judge, and ALOK AHUJA and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

This is a Rule 24.035 case. The movant timely filed her *pro se* motion, which the motion court denied. However, the court never appointed counsel to file an amended motion or otherwise comply with Rule 24.035(e) and (g), even though it is undisputed that the movant is indigent. The court clearly erred in not appointing counsel, and the State concedes that the judgment should be reversed. Accordingly, we reverse the judgment and remand with instructions to appoint counsel.

**Facts and Procedural Background**

Appellant Danielle Sanford pled guilty to two counts of first-degree endangering the welfare of a child, section 568.045.[1] The court accepted the plea, suspended imposition of any sentence, and placed Sanford on five years' probation. Subsequently, the Missouri State Board of Probation and Parole informed the court that Sanford had violated the terms of her pro-

---

1. Statutory citation is to RSMo (2000), as updated by the 2010 cumulative supplement.

bation. The court held a hearing and confirmed that Sanford had violated the terms of her probation. Accordingly, the court entered judgment revoking the probation and sentenced Sanford to five years' imprisonment on each count, with the sentences to run consecutively.

Sanford timely filed a *pro se* Motion to Vacate, Set Aside, or Correct the Judgment or Sentence ("Rule 24.035 motion"). The Rule 24.035 motion included an affidavit stating that Sanford is indigent. The court denied the Rule 24.035 motion without appointing counsel. Sanford filed her notice of appeal, and the court then found that she was indigent and entered an order permitting her to prosecute this appeal as a poor person. On appeal, Sanford is represented by the appellate public defender.

### Standard of Review

On appeal from the motion court's judgment disposing of a Rule 24.035 motion, our review is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k). We will find that the motion court clearly erred when, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009).

### Legal Analysis

Sanford argues that the motion court erred in denying her Rule 24.035 motion without first appointing counsel. We agree.

"When an indigent movant files a pro se [Rule 24.035] motion, the court shall cause counsel to be appointed for the movant."

Rule 24.035(e). The use of the term "shall" makes clear that, under Rule 24.035, appointment of counsel is mandatory, not discretionary. Unless the *pro se* motion already contains all claims known to the movant *and* states all facts to support the claims, the appointed counsel's task is to file an amended Rule 24.035 motion. *Id.* "An amended motion is a final pleading, which requires legal expertise. Counsel *must* be appointed for indigent movants in order to assure its proper drafting." *Bennett v. State*, 88 S.W.3d 448, 449 (Mo. banc 2002) (emphasis added).

Here, it is undisputed that (1) Sanford timely filed her Rule 24.035 motion; (2) she is indigent;[2] and (3) the motion court failed to appoint counsel. Indeed, it is undisputed that the court clearly erred in not appointing counsel and that its judgment should be reversed. Sanford's point is therefore granted.[3]

### Conclusion

The motion court clearly erred in ruling on the Rule 24.035 motion without first appointing counsel. Accordingly, we reverse the judgment and instruct the court to appoint counsel on remand.

VICTOR C. HOWARD, Presiding Judge, and ALOK AHUJA, JUDGE, concur.

---

**2.** Sanford included a notarized declaration of her indigency in her *pro se* motion; the motion court itself found Appellant to be indigent; and on appeal the State concedes that she is indigent.

**3.** Our disposition of Point I of Sanford's appeal renders discussion of Point II unnecessary.