

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

JODI WHITFIELD,            )      No. ED100345
)
     Movant/Appellant,      )      Appeal from the Circuit Court of the
)      City of St. Louis
vs.                         )
)      Honorable Thomas J. Frawley
STATE OF MISSOURI,      )
)
     Respondent     .      )      Filed: July 15, 2014

## INTRODUCTION

Jodi Whitfield appeals the judgment of the Circuit Court of the City of St. Louis denying her pro se Rule 24.035 motion for post-conviction relief. The motion court refused to appoint counsel for Whitfield and did not conduct an evidentiary hearing. On appeal, Whitfield argues that the motion court erred by denying her motion without appointing counsel, because Rule 24.035(e) requires the court to appoint counsel when an indigent movant files a pro se motion for post-conviction relief. The State agrees with Whitfield.

We reverse the motion court's judgment. We remand for the motion court to appoint counsel for Whitfield so that she may file an amended Rule 24.035 motion.

## FACTS

After she was incarcerated for violating the terms of her probation, Whitfield filed a timely pro se Rule 24.035 motion for post-conviction relief, accompanied by a signed and

notarized in forma pauperis affidavit. The motion court denied this motion without appointing counsel and without an evidentiary hearing.

Thereafter, appellate counsel entered his appearance and filed a motion for reconsideration under Rule 75.01. After a hearing, the motion court denied this motion as well. Whitfield then filed a motion to proceed in forma pauperis on appeal, which was granted. Appellate counsel was appointed and this appeal follows.

## STANDARD OF REVIEW

"This Court's review of a denial of post-conviction relief is limited to a determination of clear error in the circuit court's findings of fact and conclusions of law." *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.*

## DISCUSSION

On appeal, Whitfield argues that the motion court erred by denying her Rule 24.035 motion without appointing counsel, because Rule 24.035(e) requires the court to appoint counsel when an indigent movant files a pro se motion for post-conviction relief. The State *agrees* that the motion court erred by failing to appoint counsel. We agree as well.

Missouri Supreme Court Rule 24.035 is designed to ensure that a movant receives a single—but meaningful—opportunity for timely post-conviction relief. *See Price v. State*, 422 S.W.3d 292, 296 (Mo. banc 2014); *State ex rel. Nixon v. Daugherty*, 186 S.W.3d 253, 254 (Mo. banc 2006). The assistance of counsel is vital to that purpose, because:

> Even the intelligent and educated layman has small and sometimes no skill in the science of law. . . . . He is unfamiliar with the rules of evidence. . . . He lacks both the skill and knowledge adequately to prepare his [claim], even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of [incarceration] because he does not know how to establish his innocence.

2

*Gideon v. Wainwright*, 372 U.S. 335, 345 (1963) (quoting *Powell v. Alabama*, 287 U.S. 45, 68-69 (1932)); *see also* Rule 24.035 ("If [the movant's pro se] motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims.").

Consequently, the Missouri Supreme Court dictates that "[w]hen an indigent movant files a pro se [Rule 24.035] motion, the court *shall* cause counsel to be appointed for the movant." Rule 24.035 (emphasis added). "The use of the term 'shall' makes clear that, under Rule 24.035, appointment of counsel is mandatory, not discretionary." *Sanford v. State*, 345 S.W.3d 881, 882 (Mo. App. W.D. 2011); *Wilson v. State*, 415 S.W.3d 727, 728 (Mo. App. S.D. 2013); *see also Bennett v. State*, 88 S.W.3d 448, 449 (Mo. banc 2002) ("Because of the vital role an attorney plays in motions filed pursuant to Rule 24.035 . . . a motion court [must] assure the appointment of counsel for indigent movants.").

The motion court acknowledged *Bennett*, supra, but still refused to appoint counsel. The court opined that it did "not believe justice is served by the routine appointment of counsel for a movant who files pro se a motion . . . pursuant to Rule 24.035." However, the Missouri Supreme Court Rules, including Rule 24.035(e), "are binding on courts, litigants, and counsel, and it is the court's duty to enforce them."[1] *Swofford v. State*, 323 S.W.3d 60, 63 (Mo. App. E.D. 2010) (quoting *Sitelines, L.L.C. v. Pentstar Corp.*, 213 S.W.3d 703, 707 (Mo. App. E.D. 2007)); *Smith v. City of St. Louis*, 409 S.W.3d 404, 415-16 (Mo. App. E.D. 2013).

---

[1] We note also that the motion court's reliance on *Worthan v. State*, 611 S.W.2d 606 (Mo. App. E.D. 1983), as implicit support for its refusal to appoint counsel is misplaced. *Worthan* concerns the extraordinary writ of error coram nobis. *Id.* at 607. As *Worthan* itself explains, it is erroneous to assume the Supreme Court Rules governing post-conviction relief are comparable to the rules that govern the writ of error coram nobis. *Id.*

"Here, it is undisputed that (1) [Whitfield] timely filed her Rule 24.035 motion; (2) she is indigent; and (3) the motion court failed to appoint counsel." *Sanford*, 345 S.W.3d at 882. Indeed, even the parties do not dispute "that the [motion] court clearly erred in not appointing counsel and that its judgment should be reversed." *Id.* We do not dispute this conclusion either. Accordingly, the motion court clearly erred by violating Rule 24.035's mandate to appoint counsel.

## CONCLUSION

For the foregoing reasons, we reverse the motion court's judgment. We remand for the motion court to appoint counsel for Whitfield so that she may file an amended Rule 24.035 motion.

_____
Lisa S. Van Amburg, Presiding Judge

Patricia L. Cohen, J., and
Philip M. Hess, J., concur.

4