

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **VINCENT U. WILLIAMS,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD79001** |
| | ) | |
| **v.** | ) | **OPINION FILED:  August 2, 2016** |
| | ) | |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Saline County, Missouri**
The Honorable Dennis A. Rolf, Judge

Before Division Two:  Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge
and Gary D. Witt, Judge

Vincent U. Williams ("Williams") appeals following the motion court's denial of his pro se Rule 24.035 motion without an evidentiary hearing.  Williams alleges that his post-conviction counsel was unlawfully permitted to withdraw from his representation, leaving him without the benefit of counsel.  We agree with Williams, and reverse and vacate the judgment denying his pro se Rule 24.035 motion, and remand this matter to the motion court for further proceedings.

## Factual and Procedural Background

Williams pleaded guilty to driving while intoxicated as a chronic offender and driving while revoked. He was sentenced to twelve years and three years respectively, to run concurrently.

Williams filed a timely Rule 24.035 motion ("Pro Se Motion") on July 29, 2013. The Public Defender's Office was appointed as Williams's counsel on the same date. The order appointing counsel extended the time to file an amended motion by thirty days. Appointed counsel did not enter an appearance for Williams until May 15, 2014. Williams's guilty plea and sentencing transcripts were filed June 9 and August 18, 2014, respectively. As a result, an amended motion was required to be filed by November 16, 2014.[1]

On July 22, 2014, appointed counsel filed a motion to withdraw. The motion alleged that a letter had been sent to Williams on May 5, 2014, (ten days before appointed counsel entered an appearance), with an application/affidavit for public defender services, and that Williams had never responded, despite reminder letters dated June 13, 2014 and July 1, 2014. The letters referenced in the motion were not attached to the motion. The motion to withdraw alleged that because Williams had not responded and the letters had not been returned, appointed counsel "can only conclude that [Williams] is not interested in Public Defender representation."

---

[1] Rule 24.035(g) provides that where counsel is appointed, an amended motion shall be filed within sixty days of "the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed." That same Rule permits the motion court to extend the time for filing an amended motion by thirty days, an extension afforded in this case by the motion court's July 29, 2013 order appointing the Public Defender's Office to represent Williams. Applied here, Williams had ninety days from August 18, 2014, (November 16, 2014), to file an amended motion.

2

The certificate of service on the motion to withdraw does not reflect service on Williams. The motion advised that a hearing was scheduled for July 29, 2014. Nothing in the record indicates that Williams was afforded notice of the hearing. On July 29, 2014, the motion court's docket entry indicates that the parties appeared *through counsel*. No personal appearance by Williams is noted in the record. Appointed counsel's motion to withdraw was granted. The motion court's associated bench note stated: "Dismissal Hearing--Leave to Withdraw granted (Amended Pet [] by 8-8-14) pass to see if something is filed by 8-8-14.[2] St will file motion of denial 9-5-14 @ 9:00."

On September 10, 2014, the State filed a motion for issuance of findings on Williams's pro se Rule 24.035 Motion without an evidentiary hearing, and a notice scheduling the State's motion for hearing on September 15, 2014. The certificate of service on both pleadings reflects service on Williams by sending facsimile copies to Williams's appointed counsel, even though appointed counsel had already withdrawn. There is nothing in the record to suggest that Williams received notice of the State's motion or of the hearing scheduled on the motion.

The motion court entered a judgment denying Williams's Pro Se Motion without an evidentiary hearing on September 15, 2014 ("Judgment").[3]

On September 14, 2015, the Public Defender's Office filed a motion on Williams's behalf seeking leave to file a notice of appeal out of time and to proceed in forma

---

[2]The motion court's calculated due date for an amended Rule 24.035 motion was in error. As explained, *supra*, an amended motion was not due to be filed until November 16, 2014. The motion court's July 29, 2014 order was entered before all transcripts from Williams's guilty plea and sentencing hearings had even been filed, making it impossible to calculate an amended motion due date at the time appointed counsel was granted leave to withdraw.

[3]The Judgment was entered before Williams's amended Rule 24.035 motion was due to be filed. *See* note 1, *supra*.

3

pauperis. The motion alleged that counsel had "reason to believe that [Williams] was abandoned by postconviction counsel," and that "the Public Defender System has determined [Williams] to be indigent, and will represent him herein." Leave in both respects was granted by this court on September 22, 2015.

**Analysis**

Williams asserts two points on appeal. The first point asserts that Williams was abandoned by appointed counsel's withdrawal from Williams's representation. The second point alleges that the motion court committed legal error by permitting appointed counsel to withdraw without appointing Williams new counsel, thus depriving Williams of the assistance of counsel in his Rule 24.035 proceeding. We combine our discussion of Williams's points on appeal.

"[T]he determination of whether defense counsel should be allowed to withdraw is a matter within the discretion of the trial court, and this Court's review is for abuse of that discretion." *State v. Christeson*, 50 S.W.3d 251, 261 (Mo. banc 2001) (citing *State v. Hornbuckle*, 769 S.W.2d 89, 96 (Mo. banc 1989), *cert. denied*, 493 U.S. 860 (1989)). "Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* (citing *State v. Gardner*, 8 S.W.3d 66, 73 (Mo. banc 1999)).

A post-conviction movant has no constitutional right to counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 553-54 (1987) (holding that there is no constitutional right to counsel in post-conviction proceedings); *see also State v. Hunter*, 840 S.W.2d 850, 871

4

(Mo. banc 1992)), *cert. denied*, 509 U.S. 926 (1993)).  Rather, the right to counsel in post-conviction proceedings exists, if at all, as a state-created right.  *Finley*, 481 U.S. at 556.

Missouri Supreme Court Rules address the appointment of counsel for post-conviction movants.  Rule 24.035(e) provides:

> When an indigent movant files a pro se motion, the court **shall cause counsel to be appointed for the movant**.

(Emphasis added); *see also* Rule 29.15(e).  Thus, indigent post-conviction movants have a right to be represented by counsel in connection with Rule 24.035 or Rule 29.15 pro se motions.[4]

The right to counsel created by Rules 24.035(e) and 29.15(e) is conditioned, however, on indigency.  The Missouri Supreme Court has held that indigency should be liberally assessed when pro se post-conviction motions are first filed.  "Because of the vital role an attorney plays in motions filed pursuant to Rule 24.035 and Rule 29.15, a motion court should assure the appointment of counsel for indigent movants."  *Bennett v. State*, 88 S.W.3d 448, 449 (Mo. banc 2002).  An initial determination of indigency must be made by the motion court based on the content of the movant's pro se motion and/or on whether the movant was permitted to proceed in forma pauperis at the time of a guilty plea or trial.  *Id.* at 449-50.

---

[4]Though it is clear that counsel is to be appointed for indigent Rule 24.035 and Rule 29.15 movants, it is less clear that this Rule based right to counsel extends to appeals from the denial of Rule 24.035 or Rule 29.15 motions.  *See Gehrke v. State*, 280 S.W.3d 54, 60 (Mo. banc 2009) (Fischer, J. concurring) (holding that "[n]owhere in Rule 24.035 or Rule 29.15 is there a duty to timely file a notice of appeal when the postconviction motion is overruled by the motion court"); *cf.* section 600.044 which provides that "[a] defender who undertakes to represent an eligible person shall continue to do so at every stage of the case or proceeding, . . . until the defender is relieved of his duties by the director or is permitted by a court to withdraw."  Because the case before us does not involve the right to counsel on appeal from the denial of a postconviction motion, we need not address the issue.

5

Pro se Rule 24.035 and Rule 29.15 motions are filed on Criminal Procedure Form 40, which asks in question 18 whether a movant is "seeking leave to proceed in forma pauperis," and if so whether the movant has "completed the sworn affidavit setting forth the required information (see instructions, page 1 of this form)." If a movant answers "yes" to question 18 and provides the referenced affidavit, then counsel must be appointed for the movant by the motion court. *Id.* Even if a movant deficiently answers question 18, a motion court is nonetheless required to appoint counsel for the movant "[w]here it is clear from the record in the trial or plea court that the movant was indigent." *Id.* at 449-50.

It is uncontested that the motion court appropriately appointed counsel when Williams filed his Motion. Williams answered "yes" to question 18, and attached a notarized affidavit in the form required which provided:

> I, Vincent Uran Williams am a poor person as define [sic] by law. I have no monies. I have no assets nor bank accounts. I own no property or anything of any value. I can't afford to pay for these legal proceedings. I am currently incarcerated.

Unlike *Bennett*, where the movant's attached affidavit "contained no information concerning [movant's] financial resources," Williams's affidavit specifically attested that he had no financial resources.[5] *Id.* at 449.

Once appointed, Williams's counsel had the "duty to provide [Williams] with the representation required by Rule 24.035." *Vogl v. State*, 437 S.W.3d 218, 230 (Mo. banc 2014). Rule 24.035(e) requires appointed counsel to either file an amended motion or a

---

[5]It appears from the record that Williams was represented by private counsel in the underlying criminal proceedings which led to his guilty plea.

statement setting out facts that demonstrate the actions that were taken to ensure that an amended motion was not needed.  *Id*. at 228.

When Williams's appointed counsel filed his motion to withdraw, he had not filed an amended Rule 24.035 motion or a statement explaining that an amended motion was not needed.  In fact, because the guilty plea transcript had not yet been received, appointed counsel could not have completed the investigation required of him by Rule 24.035(e) when the motion to withdraw was filed.[6]  "A movant is abandoned when appointed counsel fails to comply with the requirements in Rule 24.035(e) by not filing either an amended motion or a statement setting out facts that demonstrate the actions that were taken to ensure that an amended motion is not needed."  *Id*.  The motion court was required to determine whether the natural result of granting the motion to withdraw-- appointed counsel's failure to comply with the obligations of Rule 24.035(e)--would constitute abandonment.  *Id*. at 229.  The motion court failed to conduct this required inquiry before granting appointed counsel's motion to withdraw, leaving Williams without the assistance of counsel.

The circumstances in *Vogl* are instructive in this case.  A movant filed a Rule 24.035 motion, and post-conviction counsel was appointed.  *Id*. at 221.  Thirteen days later, appointed counsel filed a motion to rescind the appointment because movant's *pro se* motion was untimely.  *Id*.  Appointed counsel's motion contained a certificate of service to the prosecutor only and there was no indication that the movant had been

---

[6]The motion to withdraw was filed on July 22, 2014, but the guilty plea transcript was not filed until August 18, 2014.  The record also indicates that appointed counsel waited nearly ten months to enter an appearance for Williams whereupon counsel's efforts appear to have been exclusively focused on seeking leave to withdraw.

served with the motion. *Id.* The motion court entered an order rescinding the appointment of counsel and dismissing movant's pro se motion as untimely. *Id.* The movant thereafter sought reinstatement of his motion, arguing it had been timely filed and that appointed counsel abandoned him by failing to investigate the factual circumstances of the filing of the pro se motion and by failing to provide him notice of the effort to rescind the appointment of counsel. *Id.* at 222. The motion court denied the motion to reinstate. *Id.*

On appeal, the Missouri Supreme Court held that the motion court was required by the circumstances to conduct an independent inquiry into abandonment. *Id.* at 229. The Court concluded that appointed counsel's motion to rescind (which the Court equated with a motion to withdraw), "d[id] not relieve counsel of his duty to provide [the movant] with the representation required under Rule 24.035," which "arose upon counsel's appointment." *Id.* at 230. Importantly, the Court also noted:

> [T]he trial court should, as a part of its independent inquiry under *Luleff*,[7] inquire not only of postconviction counsel, but ensure that movant is informed of counsel's response and given an opportunity to reply. The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing. However, a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous.

*Id.* at 228 (quoting *McDaris v. State*, 843 S.W.2d 369, 371 n.1 (Mo. banc 1992)).

---

[7]*Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991) held that "[i]f counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the pro se motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the pro se motion, if necessary, as permitted under Rule 29.15(f).

8

*Vogl* thus requires a motion court to conduct an abandonment inquiry when appointed counsel seeks to withdraw *before* appointed counsel has fulfilled the duty described in Rule 24.035(e) to file either an amended motion or a statement demonstrating the actions taken to explain why an amended motion is not needed. And *Vogl* requires a movant impacted by any such motion to withdraw to be afforded sufficient notice and an opportunity to be heard on the motion.

Even if the required abandonment inquiry results in a finding that appointed counsel's desire to withdraw is a result of a movant's negligence or intentional failure to act,[8] a motion court will still be required to address whether appointed counsel's effort to withdraw is otherwise constrained by law.[9] *Vogl* was not required to address this subject. We similarly need not address this subject. It is enough in this case to recognize that when Williams's appointed counsel filed a motion to withdraw, his Rule 24.035 duties had not been fulfilled, requiring the motion court to conduct an inquiry into whether granting the motion would constitute abandonment. The motion court's failure to do so was only exacerbated by the fact that Williams was afforded no notice of, nor opportunity

---

[8]*See* n. 8, *supra*.

[9]*See* Section 600.044 which provides that "[a] defender who undertakes to represent an eligible person shall continue to do so at every stage of the case or proceeding, . . . until the defender is relieved of his duties by the director or is permitted by a court to withdraw."

*See also* Rule 24.035(f) provides that "[f]or good cause shown, counsel may be permitted to withdraw *upon the filing of an entry of appearance by successor counsel. If appointed counsel is permitted to withdraw, the court shall cause new counsel to be appointed*." (Emphasis added.)

*See also* Section 600.086 which addresses eligibility for representation by the Public Defender's Office, and the mechanism for determining eligibility applicable after the interlocutory determination of indigency is made upon the filing of Rule 24.035 or Rule 29.15 motion. "[T]he effect of a [motion] court's [initial] declaration of indigency is rather narrow." *Bennett*, 88 S.W.3d at 450. "Under [Rules 24.035 and 29.15], no cost deposit is required" when a movant is first permitted to proceed in forma pauperis. *Id*. (citing Rule 24.035(b); Rule 29.15(b)). Because the Public Defender's Office is appointed for post-conviction movants, a motion court's order permitting the movant to proceed in forma pauperis is interlocutory, and remains subject to the public defender's ability to "determine the movant's indigency." *Id*. "If the movant is not indigent, the public defender is no longer available to the movant, and the motion court can change its interlocutory order permitting the movant to proceed in forma pauperis." *Id*. (citing section 600.051).

9

to be heard on, appointed counsel's motion to withdraw. "When counsel terminates representation of a client, counsel has a duty to protect the client's interest; '[o]ne step necessary to protect a client's interest is giving notice to the client' of the attorney's intention to terminate representation.'" *Vogl*, 437 S.W.3d at 229 n. 16 (quoting *In re Coleman*, 295 S.W.3d 857, 866 (Mo. banc 2009)).

Further compounding the error, the motion court's July 29, 2014 bench note granting appointed counsel leave to withdraw calculated an incorrect date by which an amended Rule 24.035 motion had to be filed; no notice was afforded Williams that his appointed counsel had been granted leave to withdraw; the State's September 15, 2014 motion seeking denial of Williams's Pro Se Motion without an evidentiary hearing and the notice of hearing for same were served on William's appointed counsel who had already been granted leave to withdraw; the motion court's Judgment was entered on September 15, 2014, more than two months before an amended Rule 24.035 motion was due to be filed; and there is nothing in the record to indicate that the Judgment was sent to Williams after it was entered.

The motion court abused its discretion by granting appointed counsel's motion to withdraw without first conducting a sufficient independent inquiry into whether granting the motion to withdraw would constitute abandonment, after affording due notice and an opportunity to be heard to Williams.[10]

---

[10]Though Williams did not claim abandonment below via a motion to reinstate his postconviction proceeding due to abandonment, as the movant did in *Vogl*, it is plain that Williams is entitled to raise his claim of abandonment on direct appeal from the denial of his Pro Se Motion. *Vogl*, 437 S.W.3d at 234 (Fischer, J., dissenting) (arguing that abandonment should not be eligible to be raised by a motion to reinstate filed after the disposition of a postconviction motion is final, but should be raised in the original postconviction proceeding or on

## Conclusion

The motion court's Judgment is reversed and vacated and this matter is remanded. William's Pro Se Motion is reinstated. On remand, the motion court shall conduct a sufficient independent inquiry into whether its grant of appointed counsel's motion to withdraw resulted in abandonment,[11] and if the court was otherwise constrained by law to grant the motion to withdraw.[12] If yes, then new counsel shall be appointed for Williams, and time allowed to amend Williams's Pro Se Motion, if necessary, as permitted by Rule 24.035(f). *See Luleff*, 807 S.W.2d at 498; *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008) (holding that where a movant has been abandoned by post-conviction counsel, "the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred"). If no, then the motion court should proceed with consideration of Williams's Pro Se Motion.

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

---

direct appeal from the denial of a postconviction motion, noting that "*Luleff* [*v. State*, 807 S.W.2d 495 (Mo. banc 1991)] and [*State v.*] *Sanders* [,807 S.W.2d 493 (Mo. banc 1991)] "both involved direct appeals from initial motions in which this Court granted relief" on the basis of abandonment).

[11]The Public Defender's Office is currently representing Williams and alleges in this appeal that grant of the motion to withdraw filed by a different attorney in its Office constituted abandonment. Under the circumstances, if the Public Defender's Office continues to concede this point on remand, than the motion court can comply with our mandate by accepting the concession without need for further inquiry into the issue of abandonment.

[12]*See* n. 9, *supra*.