

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

SCOTT M. BISHOP, )
)
Appellant, )
) WD81740
v. )
) OPINION FILED:
) January 29, 2019
STATE OF MISSOURI, )
)
Respondent. )

**Appeal from the Circuit Court of Randolph County, Missouri**
**The Honorable Mason R. Gebhardt, Judge**

**Before Division Three:** Mark D. Pfeiffer, Presiding Judge, and
Lisa White Hardwick and Anthony Rex Gabbert, Judges

Mr. Scott Bishop ("Bishop") appeals from the judgment entered by the Circuit Court of Randolph County, Missouri ("motion court"), dismissing without prejudice[1] his Rule 24.035 motion for post-conviction relief.[2] Bishop claims that the motion court erred in dismissing his motion because Rule 24.035 requires appointment of counsel for an indigent movant. We reverse the judgment and remand with instructions to appoint counsel.

---

[1] Although Mr. Bishop's *pro se* motion was dismissed "without prejudice," and thus would generally not be appealable, "[a]n exception to this rule is found where the dismissal without prejudice effectively terminates the litigation in the form in which it is cast or in the plaintiff[']s chosen forum." *Burston v. State*, 343 S.W.3d 691, 694 (Mo. App. E.D. 2011) (internal quotation marks omitted). Because the dismissal without prejudice terminated the proceedings on Mr. Bishop's *pro se* motion for post-conviction relief, the dismissal is appealable. *Id.*

[2] All rule references are to I MISSOURI COURT RULES – STATE (2018).

**Factual and Procedural History**[3]

Bishop was charged with one felony count of driving while revoked. Bishop was represented by the Public Defender's Office. Bishop signed a petition to enter a guilty plea and appeared with counsel to plead guilty to the charge. The court accepted Bishop's guilty plea and sentenced him to three years' imprisonment, suspended execution of his sentence, and placed him on five years of probation. On January 20, 2018, the court suspended Bishop's probation after the filing of a probation revocation motion, and on February 7, 2018, the court revoked Bishop's probation and ordered his three-year sentence to be executed. Bishop was represented by the Public Defender's Office in his probation revocation hearing.

On March 19, 2018, Bishop filed a *pro se* Rule 24.035 motion for post-conviction relief, in which he alleged that he "was misled by [his] defense attorney" because his defense counsel "led [him] to believe [he] would only have to serve a few months in prison . . . 3-4 months" and, instead "[i]t is mandatory that [he] serve 80% of 3 years." Mr. Bishop further alleged he had been offered "120 days in DOC by Judge Mason Gebhardt" and "[k]nowing the facts about the amount of time to be served, [he] clearly would have taken the 120 days offered[] from the Judge." Bishop answered "yes" to a question on the Form 40 asking whether he was "seeking leave to proceed in forma pauperis." Thereafter, Bishop completed the Forma Pauperis Affidavit at the end of the form.

The motion court did not appoint counsel for Bishop; instead it entered an order on March 22, 2018, three days after Defendant's *pro se* motion was filed, dismissing Bishop's motion. The docket entry stated "Dismiss by Ct w/o Prejudice." Immediately underneath this entry was an apparent ruling on one of Bishop's *pro se* claims: "Amount of time to be served is

---

[3] On appeal of the denial of a Rule 24.035 motion, we view the facts in the light most favorable to the motion court's judgment. *Robertson v. State*, 502 S.W.3d 32, 35 (Mo. App. W.D. 2016) (citing *Rousan v. State*, 48 S.W.3d 576, 579 (Mo. banc 2001)).

collateral consequence of conviction. Defendnat's [sic] attorney is under no obligation to advise Defendant as to the amount of time he will serve in DOC. Motion Overruled."

The motion court granted Bishop leave to appeal "as a poor person" finding that Bishop was "totally without means or resources of any nature to pay costs or filing fees for prosecuting his application for an appeal and is a poor person within the meaning of the law." Bishop's Notice of Appeal was prepared by the Public Defender's Office. On April 30, 2018, Mr. Bishop timely appealed the motion court's judgment.

## Standard of Review

Appellate review of the motion court's denial of a Rule 24.035 motion for post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *Simmons v. State*, 502 S.W.3d 739, 741 (Mo. App. W.D. 2016) (internal quotation marks omitted).

## Analysis

In his sole point on appeal, Bishop contends that the motion court erred in denying his Rule 24.035 motion without appointing counsel because Rule 24.035 requires appointment of counsel for an indigent movant. The State agrees that the motion court erred by failing to appoint counsel. We agree as well.

Rule 24.035(e) requires that "[w]ithin 30 days after an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." "The use of the term 'shall' makes clear that, under Rule 24.035, appointment of counsel is mandatory, not discretionary." *Sanford v. State*, 345 S.W.3d 881, 882 (Mo. App. W.D. 2011). "Unless the

3

*pro se* motion already contains all claims known to the movant *and* states all facts to support the claims, the appointed counsel's task is to file an amended Rule 24.035 motion." *Id.* Because an amended motion is a final pleading requiring legal expertise, "[c]ounsel *must* be appointed for indigent movants in order to assure its proper drafting." *Id.* (internal quotation marks omitted). "[I]ndigency should be liberally assessed when pro se post-conviction motions are first filed." *Williams v. State*, 494 S.W.3d 638, 641 (Mo. App. W.D. 2016). "Because of the vital role an attorney plays in motions filed pursuant to Rule 24.035 and Rule 29.15, a motion court should assure the appointment of counsel for indigent movants." *Id.* at 641-42 (internal quotation marks omitted).

Here, there is no dispute that "(1) [Bishop] timely filed [his] Rule 24.035 motion; (2) [he] is indigent; and (3) the motion court failed to appoint counsel."[4] *Sanford*, 345 S.W.3d at 882 (footnote omitted). Indeed, even the parties do not dispute "that the court clearly erred in not appointing counsel and that its judgment should be reversed." *Id.* Bishop's point is therefore granted.

## Conclusion

The motion court clearly erred in ruling on the Rule 24.035 motion without first appointing counsel for Bishop. Accordingly, we reverse the judgment, remand for further

---

[4] Here, although Bishop answered "yes" to a question on the Form 40 asking whether he was "seeking leave to proceed in forma pauperis" and completed the Forma Pauperis Affidavit at the end of the form, he did not include any additional statements regarding his indigence. However,

> [w]here it is clear from the record in the trial or plea court that the movant was indigent, counsel should be appointed despite deficiencies in the in forma pauperis affidavit filed by the movant. If the movant was permitted to proceed in forma pauperis at the time the plea or trial was conducted, the filing of a notarized, in forma pauperis affidavit form with the post-conviction motion is sufficient to appoint counsel.

*Bennett v. State*, 88 S.W.3d 448, 449-50 (Mo. banc 2002) (footnote omitted).

proceedings consistent with our ruling today, and specifically instruct the motion court to appoint counsel to represent Bishop on remand.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Presiding Judge

Lisa White Hardwick and Anthony Rex Gabbert, Judges, concur.