Rodney CREIGHTON, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 95527

Supreme Court of Missouri,
**en banc.**

Opinion issued April 25, 2017

Rehearing Denied June 27, 2017

Srikant B. Chigurapati, Public Defender's Office, St. Louis, for Rodney Creighton.

Christine Lesicko, Dora Fichter, Attorney General's Office, Jefferson City, for the State.

***Opinion***

George W. Draper III, Judge

Rodney Creighton (hereinafter, "Movant") appeals from a judgment overruling his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.[1] This Court holds as follows. First, the motion court's memorandum notifying the public defender that Movant filed a *pro se* motion for post-conviction relief was not an appointment of counsel triggering the Rule 29.15(g) timelines for filing an amended motion. Movant's amended motion was timely because it was filed within the applicable time period following counsel's entry of appearance. Second, the motion court did not clearly err by denying relief on Movant's claim that counsel was ineffective for failing to request a mistrial or, alternatively, the removal of a juror for intentional nondisclosure. Finally, the motion court clearly erred to the extent it denied relief on Movant's *pro se* claims by finding the claims were illegible. Therefore, the judgment is reversed and the case is remanded for consideration of the merits of Movant's *pro se* claims. The judgment is affirmed in all other respects.

### Background

Following a jury trial, the circuit court convicted Movant of three counts of robbery in the first degree, three counts of armed criminal action, and one count of resisting arrest. The circuit court sentenced Movant to concurrent terms of twenty-five years for each of the three robbery convictions, ten years for each of the three armed criminal action convictions, and seven years for resisting arrest. Movant's convictions and sentences were

1. This Court acquired jurisdiction by granting transfer following an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

affirmed on direct appeal. *State v. Creighton*, 386 S.W.3d 206 (Mo. App. E.D. 2012).

On January 17, 2013, Movant filed a timely *pro se* Rule 29.15 motion for post-conviction relief. On March 8, 2013, the motion court issued the following memorandum:

> The Court hereby notifies Scott Thompson that movant Rodney Creighton has filed a post-conviction motion. The motion is accompanied by an affidavit of indigency. So ordered, Judge Elizabeth B. Hogan.

Movant's public defender entered his appearance on May 30, 2013. On July 26, 2013, the motion court sustained counsel's request for a thirty-day extension of time to file an amended motion. On August 28, 2013, post-conviction counsel filed an amended motion on Movant's behalf.

As relevant to this appeal, the amended motion asserted trial counsel was ineffective for failing to seek a mistrial or, alternatively, the removal of a juror for intentional nondisclosure. Movant alleged the juror knew him but failed to respond when the State specifically asked the jury panel if anyone knew Movant. The motion court denied relief without an evidentiary hearing.

Movant raises two points on appeal. First, Movant asserts counsel was ineffective for failing to request a mistrial or, alternatively, the removal of a juror for intentional nondisclosure. Second, Movant asserts the motion court clearly erred by finding that his *pro se* claims were illegible and, therefore, unreviewable. The threshold issue, however, is whether the motion court's March 8, 2013, memorandum notifying the public defender of Movant's *pro se* filing constituted an appointment that commenced the Rule 29.15(g) deadlines for filing a timely amended motion.

## Standard of Review

 This Court reviews a judgment denying a Rule 29.15 motion for post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the reviewing court with "the definite and firm impression that a mistake has been made." *Moore v. State*, 458 S.W.3d 822, 829 (Mo. banc 2015) (quoting *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005)).

## The amended motion was filed timely

 Rule 29.15(g) establishes the timelines for filing an amended motion. In relevant part, Rule 29.15(g) provides:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 29.15(g) also provides that the motion court can extend the sixty-day deadline for one additional period not to exceed thirty days. Thus, as in this case, a movant can have up to ninety days to file a timely amended motion.

The state argues the motion court's March 8, 2013, memorandum notifying the public defender that Movant filed a *pro se* motion was an appointment triggering the sixty-day filing period prescribed by Rule 29.15(g). The state concludes Movant's amended motion was untimely because it was not filed until August 28, 2013, and asks this Court to remand the case for a determination of whether counsel aban-

doned Movant by failing to file a timely amended motion. *See Moore*, 458 S.W.3d at 825-26 (Mo. banc 2015).

Movant argues the motion court's memorandum was a notification, not an appointment. Movant asserts the Rule 29.15(g) filing period commenced when counsel entered his appearance May 30, 2013. Movant concludes his amended motion was filed timely within ninety days following counsel's entry of appearance. Movant is correct.

### 1. The memorandum was not an appointment

The motion court's memorandum did not state that the court was appointing the public defender to represent Movant. The memorandum stated only that the motion court "hereby notifies" the public defender that Movant filed a *pro se* motion. The motion court's notification is consistent with an Amended Administrative Order (hereinafter, "Order") directing judges within the motion court's circuit to cease appointing the public defender in post-conviction cases and, instead, to notify the public defender when a movant files a *pro se* motion for post-conviction relief.[2] When considered in conjunction with the Order, there is no basis for concluding the motion court intended the notification to operate as an appointment of counsel.[3]

Although the motion court's memorandum served only as a notification, the state argues *Stanley v. State*, 420 S.W.3d 532 (Mo. banc 2014), establishes that the notification is a *de facto* appointment. *Stanley* does not support the state's argument.

In *Stanley*, there was no dispute that the motion court appointed the public defender's office to represent the movant. *Id.* at 538. A lawyer from the public defender's office entered an appearance and filed a timely amended motion for post-conviction relief. *Id.* That lawyer then withdrew from the case. *Id.* at 539. A second lawyer from the public defender's office entered an appearance more than sixty days after the

---

**2.** The Order specifically states this policy was designed to assist the public defender with caseload management pursuant to this Court's decision in *State ex rel. Missouri Pub. Defender Comm'n v. Waters*, 370 S.W.3d 592 (Mo. banc 2012). In *Waters*, this Court addressed the circuit court's obligation to comply with 18 CSR 10–4.010, a regulation promulgated by the public defender commission authorizing public defender's offices to decline further appointments in a given month once the office reaches its maximum allowable caseload. *Id.* at 599. The "overall validity" of the regulation was never addressed by a declaratory judgment action or otherwise. *Id.* at 597-98. This Court, however, reiterated that the rules of professional conduct "impose on all counsel an 'ethical duty to provide effective assistance of counsel to [their] clients.' " *Id.* at 607 (quoting *State ex rel. Mo. Pub. Defender Comm'n v. Pratte*, 298 S.W.3d 870, 890 (Mo. banc 2009)). This Court held the trial court erred by "ordering the public defender to disobey" the regulation in the absence of any finding the regulation was invalid. *Id.* at 612.

**3.** This conclusion is consistent with *Laub v. State*, 481 S.W.3d 579, 584 (Mo. App. S.D. 2015). In *Laub*, the motion court sent a letter notifying the public defender's office that the movant filed a *pro se* motion for post-conviction relief. The letter stated expressly that it is was not an appointment. *Id.* at 582. *Laub* held the court's express qualification established that there was no appointment of counsel. *Id.* at 584. The fact that the motion court expressly declined to appoint counsel is analytically significant because it demonstrated that the motion court did not intend to appoint the public defender at that time. Although the motion court's memorandum in this case did not state expressly it was not an appointment, the memorandum declined to appoint the public defender pursuant to the circuit-wide Order requiring circuit judges to refrain from appointing the public defender. Therefore, despite the textual differences between the motion court's letter in *Laub* and the motion court's memorandum this case, the net result is the same—there was no appointment.

motion court's appointment of the public defender's office as post-conviction counsel. *Id.* The second public defender then filed a second amended motion for post-conviction relief. *Id.* The issue in *Stanley* was the timeliness of a second amended motion filed by the second public defender. *Id.* at 540.

This Court held the second amended motion was untimely because "the effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance." *Id.* at 540 (quoting *State v. White*, 813 S.W.2d 862, 864 (Mo. banc 1991)). There was no question in *Stanley* that the motion court appointed the public defender's office to represent the movant. Thus, as used in *Stanley*, the term "designated" refers to the appointment of the public defender's office to represent an indigent movant as opposed to the date an individual attorney from the public defender's office enters his or her appearance for the movant. *See State v. Leisure*, 810 S.W.2d 560, 575 (Mo. App. E.D. 1991) ("Time periods begin with the appointment of the public defender's office, not when an individual attorney is designated by the public defender's office"). *Stanley* does not address, directly or by implication, the issue of whether the motion court's notification in this case should be deemed an appointment.[4] For purposes of this case, the relevance of

*Stanley* is limited to a reaffirmation of the unquestioned propositions that the post-conviction filing deadlines can commence when counsel is appointed and the filing deadlines are mandatory.

### 2. Rule 29.15 does not require the notification to be deemed an appointment

The state argues that Rules 29.15(e) and 29.15(g) require the notification to be deemed an appointment of counsel. This argument is incorrect.

Rule 29.15(e) provides: "When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant." The requirement that the motion court "shall cause counsel to be appointed" neither prohibits the motion court from providing a notification nor compels the conclusion that a notification must be deemed an appointment. The requirement that the court appoint counsel supports the argument that the motion court's notification was actually an appointment only if the rule requires the court to appoint counsel *immediately* when a movant files an affidavit of indigency. Rule 29.15(e), however, provides no specific time within which the court must appoint counsel. *Laub v. State*, 481 S.W.3d 579, 584 (Mo. App. S.D. 2015). Rule 29.15(e) provides only that, at some point, the court must ensure counsel is appointed to represent an indigent movant.[5]

---

**4.** In *Johnson v. State*, 491 S.W.3d 310, 313 (Mo. App. E.D. 2016), the court relied on *Stanley* to conclude that a memorandum notifying the public defender of a *pro se* filing was a "designation" that constituted an appointment triggering the Rule 29.15(g) filing deadlines. *Johnson* based its holding on the erroneous conclusion that *Stanley* requires a notification to be deemed an appointment of counsel.

**5.** In *Bennett v. State*, 88 S.W.3d 448, 449 (Mo. banc 2002), this Court held a motion court cannot deny post-conviction relief without ap-

pointing counsel as required by Rule 24.035. This holding was premised on the fact that Rule 29.15 and Rule 24.035 both require the appointment of counsel to represent indigent *pro se* movants. *Id.* In *dicta*, this Court stated, "If the movant was permitted to proceed in forma pauperis at the time the plea or trial was conducted, the filing of a notarized, in forma pauperis affidavit form with the post-conviction motion is sufficient to appoint counsel." *Id.* at 450. The *Bennett dicta* does not change the analysis. The timeliness of an amended motion was not at issue in *Bennett*.

The state also argues the mandatory Rule 29.15(g) filing deadlines will be "artificially extended" if the motion court's notification is not treated as an appointment. The Rule 29.15(g) filing deadlines are measured from the date counsel is appointed or enters an appearance. The Rule 29.15(g) filing deadlines cannot be "artificially extended" if the filing period has not commenced. Thus, the state's argument is premised on the incorrect assumption that Rule 29.15(g) imposes a duty on the court or counsel to take immediate action to commence the filing period. As noted, Rule 29.15(e) places no express timeline on the motion court's appointment of counsel.[6] Likewise, Rule 29.15(g) places no express timeline on counsel's entry of appearance absent an appointment. The fact that the Rule 29.15(g) filing deadlines are mandatory does not transform the motion court's notification into an appointment. Instead, the mandatory filing deadlines established by Rule 29.15(g) mean only that once counsel is appointed or non-appointed counsel enters an appearance, the filing period commences and the deadlines will be enforced.

Finally, the state argues the motion court's memorandum must be deemed an appointment because a public defender's entry of appearance cannot establish the date on which the filing deadlines commence. The state asserts Movant's public defender could serve as post-conviction counsel only on appointment by the motion court. The state bases this argument on language from 29.15(g), which provides an entry of appearance commences the filing period only when "an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." As established, the motion court never appointed counsel on behalf of Movant. Instead, Movant's public defender entered his appearance on Movant's behalf. Movant's public defender, therefore, unquestionably qualifies as "any counsel that is not appointed but who enters an appearance on behalf of movant." Consistent with the plain language of Rule 29.15(g), the filing period commenced when Movant's public defender entered his appearance.[7]

The motion court's memorandum notified the public defender that Movant filed a *pro se* motion. The memorandum was not an appointment triggering the Rule 29.15(g) filing deadlines. Movant's amended motion was timely because it was filed within ninety days of counsel's entry of appearance.

### Juror non-disclosure

 To establish ineffective assistance of counsel, a movant must prove "by a preponderance of the evidence that (1)

---

The holding in *Bennett* is simply that a motion court cannot deny post-conviction relief without appointing counsel.

6. The lack of an express timeline for appointing counsel may, in some cases, result in movants remaining incarcerated without the ability to seek full review of the movant's claims with the assistance of counsel. A reasonable solution is for this Court to amend Rule 29.15(e) to require appointment of counsel within a specified period of time.

7. If, as the state argues, Rule 29.15(g) establishes different timelines for privately retained counsel and the public defender, the result would work to the substantial disadvantage of indigent movants. Under the state's theory, the public defender would have little control over its caseload as it would be dictated by the rate of court appointments. Private attorneys, however, could time the entry of appearance so they could devote sufficient time to prepare an amended motion. Given the public defender's well-documented caseload issues, and absent any language within Rule 29.15 dictating such a result, this Court declines to construe Rule 29.15 in a manner that unnecessarily disadvantages indigent movants.

trial counsel failed to exercise the level of skill and diligence that reasonably competent counsel would exercise in a similar situation and (2) the movant was prejudiced by that failure." *Hoeber v. State*, 488 S.W.3d 648, 655 (Mo. banc 2016) (quoting *Dorsey v. State*, 448 S.W.3d 276, 286-87 (Mo. banc 2014)). If a movant fails to satisfy either prong of the test, he or she is not entitled to post-conviction relief. *Id.* A movant is entitled to an evidentiary hearing only if the motion: (1) alleged facts, not conclusions, warranting relief; (2) the facts alleged were not refuted by the record; and (3) the alleged ineffectiveness resulted in prejudice. *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011).

In his amended motion, Movant alleged counsel was ineffective for failing to seek a mistrial or, alternatively, to seek the removal of a juror for intentional nondisclosure. During *voir dire*, the state asked the venire panel if anyone knew Movant. No one responded. When the jury retired to deliberate after trial, a juror indicated she might know Movant. The trial court questioned the juror on the record. The juror indicated that Movant's face looked "familiar," but she had no idea where she may have seen him. The trial court asked if the juror "could put a name to him" or "a place to him." The juror stated that she could not. The trial court asked if "there is anything about your thinking" that gave the juror any fear or impression of Movant. The juror answered, "That's a no." Finally, the trial court asked the juror if there was anything that "would get in the way of your giving either party a fair trial in this case?" The juror answered in the negative. Based on this record, the motion court found Movant's claim

was refuted by the record because there was no indication the juror knew Movant "such that a response to the question asked during *voir dire* would have been necessary."

Movant's claim that counsel was ineffective for failing to remove the juror or request a mistrial fails because the record refutes Movant's assertion that there was intentional nondisclosure. "Intentional nondisclosure occurs when: 1) there is no reasonable inability to comprehend the information solicited by the question asked of the prospective juror, and 2) the prospective juror remembers the experience or that it was of such significance that the juror's purported forgetfulness is unreasonable." *State v. McFadden*, 391 S.W.3d 408, 418 (Mo. banc 2013). The record in this case refutes Movant's claim because the juror's testimony established that any interaction she may have had with Movant was passing and insubstantial. Thus, the juror's recollection of Movant was not "of such significance that the juror's purported forgetfulness is unreasonable." The motion court did not clearly err by concluding Movant did not establish counsel was ineffective for declining to pursue a remedy for intentional nondisclosure.

### The motion court clearly erred by denying Movant's *pro se* claims as illegible

Movant asserts the motion court clearly erred in "refusing to review the claims raised in" his *pro se* motion for post-conviction relief. Counsel physically attached a copy of Movant's *pro se* motion to the amended motion.[8] The motion

---

8. For purposes of this case, incorporation by physical attachment is an effective means of incorporating *pro se* claims into an amended motion. *Green v. State*, 494 S.W.3d 525, 528-29 (Mo. banc 2016). Effective January 1,

2017, this practice is no longer permissible. Rule 29.15(g) now provides, in relevant part: "The amended motion shall not incorporate by reference *or attachment* material contained in any previously filed motion *nor attach or*

court's judgment denied relief on grounds that Movant's *pro se* claims were illegible.[9]

The record demonstrates Movant's *pro se* claims are legible. The motion court clearly erred in denying relief on Movant's *pro se* claims based on a finding of illegibility. Therefore, the judgment is reversed to the extent it denied relief on Movant's *pro se* claims on the basis of illegibility.

## Conclusion

Movant's amended motion for post-conviction relief was filed timely. The judgment is reversed, and the case is remanded for a consideration of the merits of Movant's *pro se* claims. The judgment is affirmed in all other respects.

Breckenridge, C.J., Fischer, Stith, Wilson and Russell, JJ., concur.

*incorporate the pro se motion. All claims shall be included within the same body and text of the amended motion."* (Emphasis added).

9. A judgment denying post-conviction relief is not final and appealable if it fails to "acknowledge, adjudicate, or dispose" all of the claims asserted in the post-conviction motion. *Green*, 494 S.W.3d at 532–33. Although the motion court did not resolve the merits of Movant's *pro se* claims, the court acknowledged and disposed of those claims. The judgment is final and appealable.