

# In the Missouri Court of Appeals
# Eastern District
## DIVISION THREE

| | | |
|---|---|---|
| JENNIFER R. ROGERS, | ) | No. ED108348 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | Honorable Victor J. Melenbrink |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: October 20, 2020 |

## Introduction

Jennifer R. Rogers ("Rogers") appeals from the motion court's judgment denying her amended Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Rogers brings three points on appeal, alleging ineffective assistance of plea counsel as well as clear error by the motion court in failing to rule on every claim in her amended motion for post-conviction relief. Because the motion court only ruled on three of the four claims raised in Rogers's amended motion, the judgment is not final for purposes of appeal. Accordingly, we dismiss the appeal and remand the cause to the motion court for further proceedings consistent with this opinion.

---

[1] All Rule references are to Mo. R. Crim. P. (2019), unless otherwise indicated.

## Factual and Procedural History

The incident underlying this appeal involved Rogers entering her ex-boyfriend's home and taking his dog in 2015. The State charged Rogers with one count of receiving stolen property and one count of first-degree trespassing. The State issued a warrant for Rogers's arrest.

Following a probable-cause hearing and arraignment waiver, Rogers pleaded guilty on both counts pursuant to a plea agreement.

The sentencing court sentenced Rogers to concurrent terms of four years on count one in the Missouri Department of Corrections ("MDC") and six months on count two in the county jail, but suspended execution of the sentences and placed Rogers on supervised probation. After a probation revocation hearing determined that Rogers violated the terms of her probation, the sentencing court executed Rogers's previously suspended sentences. Rogers was delivered into the custody of the MDC, and thereafter Rogers moved for post-conviction relief under Rule 24.035. Rogers was placed on supervised probation in March 2020.

In her amended Rule 24.035 motion, Rogers alleged four claims seeking post-conviction relief: (1) plea counsel was ineffective for leading her to believe that she would not be required to serve her sentence in the custody of the MDC; (2) plea counsel was ineffective for leading her to believe at her probation revocation hearing that she would not be required to serve forty percent of her four-year sentence; (3) plea counsel was ineffective for failing to adequately investigate and depose the State's witnesses; and (4) plea counsel was ineffective for coercing her into entering a plea of guilty.

Subsequently, the motion court issued its judgment denying Rogers's Rule 24.035 motion without an evidentiary hearing. The motion court ruled on Rogers's claims in three enumerated

2

sections: (1) the record refuted Rogers's first claim that plea counsel was ineffective for failing to inform her of the possibility of her sentence being executed in the MDC; (2) Rogers's second claim that plea counsel was ineffective during her probation revocation hearing was not cognizable in a motion for post-conviction relief following a guilty plea; and (3) the record refuted Rogers's third claim that plea counsel was ineffective for failing to investigate witnesses. The motion court's judgment did not mention Rogers's fourth claim that plea counsel allegedly coerced Rogers into pleading guilty. Rogers now appeals.

## Points on Appeal

In Point One, Rogers asserts the motion court erred in denying her Rule 24.035 motion without an evidentiary hearing because her plea was unknowing, unintelligent, and involuntary as plea counsel was ineffective in leading her to believe that she would not be required to serve her sentence in the MDC's custody. In Point Two, Rogers contends the motion court erred in denying her Rule 24.035 motion without an evidentiary hearing because plea counsel was ineffective in failing to adequately investigate and depose one of the State's witnesses. In Point Three, Rogers maintains the motion court clearly erred in failing to acknowledge, adjudicate, or dispose of every claim raised in her Rule 24.035 motion.

## Discussion

Preliminarily, both Rogers and the State direct us to consider whether the judgment from which Rogers appeals is a final, appealable judgment.

In order for this Court to review an appeal, the appeal must be taken from a final judgment. Green v. State, 494 S.W.3d 525, 527–28 (Mo. banc 2016) (superseded by rule on other grounds as stated in Creighton v. State, 520 S.W.3d 416, 422 n.8 (Mo. banc 2017)) (citing Ndegwa v. KSSO, LLC, 371 S.W.3d 798, 801 (Mo. banc 2012)). "A final judgment is one that

resolves all claims and issues in a case, leaving nothing for future determination." Id. at 527 (citing Mo. R. Civ. P. 74.01(b) (2016); Ndegwa, 371 S.W.3d at 801). Because "[a] final judgment is a prerequisite for appeal," we are obligated to dismiss an appeal for lack of a final judgment. Id. at 527–28 (citing Ndegwa, 371 S.W.3d at 801).

In the context of a motion for post-conviction relief, when the "motion court's judgment indicates that the [motion] court did not acknowledge, adjudicate, or dispose" of all the claims raised in the motion, it is not a final judgment under Mo. R. Civ. P. 74.01, and we are mandated to dismiss the appeal without considering its merits. Id. at 532–33; see, e.g., Tresler v. State, 590 S.W.3d 428, 431–32 (Mo. App. E.D. 2019) (dismissing appeal from a non-final judgment denying post-conviction relief because the motion court failed to adjudicate all of the claims raised in the motion for post-conviction relief); Harshman v. State, 538 S.W.3d 375, 378 (Mo. App. W.D. 2018) (same); Conn v. State, 564 S.W.3d 386, 387 (Mo. App. E.D. 2018) (same).

Here, Rogers raised four distinct claims in her Rule 24.035 amended motion for post-conviction relief: (1) plea counsel was ineffective for leading her to believe that she would not be required to serve her sentence in the custody of the MDC; (2) plea counsel was ineffective for leading her to believe at her probation revocation hearing that she would not be required to serve forty percent of her four-year sentence; (3) plea counsel was ineffective for failing to adequately investigate and depose the State's witnesses; and (4) plea counsel was ineffective for coercing her into entering a plea of guilty. In its findings of fact and conclusions of law, the motion court ruled on only three of Rogers's four claims. Specifically, the motion court discussed and denied each of Rogers's first three claims, but the motion court did not mention Rogers's fourth claim that she was coerced to plead guilty. Because Rogers's fourth claim of coercion is a distinct claim that must be ruled upon in order for the motion court's judgment to acknowledge,

4

adjudicate, or dispose of all claims raised in the Rule 24.035 amended motion, we must find the motion court's judgment is not a final, appealable judgment. See Green, 494 S.W.3d at 527 (citing Mo. R. Civ. P. 74.01(b); Ndegwa, 371 S.W.3d at 801); Conn, 564 S.W.3d at 387 (internal citation omitted) (finding that while the motion court addressed and denied the claims in the Rule 24.035 amended motion regarding the length of the movant's sentence and ineffective assistance of trial counsel, dismissal was required by the motion court's failure to adjudicate the amended motion's claim that the first-degree assault conviction was not supported by the record). Consequently, we are mandated to dismiss the appeal for lack of a final judgment. See Green, 494 S.W.3d at 528 (citing Ndegwa, 371 S.W.3d at 801); Conn, 564 S.W.3d at 387. On remand, we direct the motion court to rule on all claims in the motion for post-conviction relief.

### Conclusion

The appeal is dismissed, and the cause is remanded to the motion court for further proceedings consistent with this opinion.

_____
KURT S. ODENWALD, Judge

Angela T. Quigless, P.J., concurs.
James M. Dowd, J., concurs.

5