

# Missouri Court of Appeals
## Southern District

### In Division

JOSE A. HUCKLEBERRY, JR.,      )
           )
      Movant-Appellant,     )
           )
v.                  )     No. SD37782
           )     Filed:  September 1, 2023
STATE OF MISSOURI,      )
           )
      Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable David Jones, Circuit Judge

### APPEAL DISMISSED

Jose Huckleberry, Jr. (Movant) appeals from an order denying his amended Rule 29.15 motion without an evidentiary hearing on all six claims.[1] After reviewing the record, we are firmly convinced that the motion court committed clear error in its ruling. The State filed a motion in which it argued that one of Movant's six claims should be denied without an evidentiary hearing. For reasons unexplained in the record, the motion court denied all six claims without conducting an evidentiary hearing on any of them. On appeal, Movant contends, *inter alia*, that the motion court did so by mistake. In so ruling, the motion court's order did not adjudicate all claims and does not amount to a final judgment. We agree. Therefore, we dismiss this appeal for lack of a final judgment.

---

[1] All rule references are to Missouri Court Rules (2018).

Insofar as relevant here, Movant's appointed counsel filed an amended motion that raised one claim of ineffective assistance of appellate counsel and five claims of ineffective assistance of trial counsel. With respect to trial counsel, Movant alleged that trial counsel was ineffective for failing to make several evidentiary decisions.[2]

In response, the State filed a motion arguing that Movant's single claim of ineffective assistance of appellate counsel should be denied without an evidentiary hearing. According to the State, Movant failed to state a claim upon which relief may be granted because Movant "has not alleged that his appellate counsel failed to assert a claim of error on appeal and admits that she did so[.]"

Thereafter, the motion court entered its order denying *all six* claims in the amended motion without an evidentiary hearing. The court relied on the State's argument with respect to Movant's single claim concerning appellate counsel:

> In response to the PCR motion, the State has filed a motion to deny the petition without a hearing claiming that Movant has failed to allege facts which, if proven to be true, would warrant relief. The Court agrees with the State and finds that the Movant has failed to allege a course of action which would warrant relief. As such, no purpose would be served by conducting an evidentiary hearing on the matter. WHEREFORE, for the foregoing reasons, Movant's instant petition is denied.

The motion court did not enter any other findings of fact or conclusions of law to support its decision. This appeal followed.

---

[2] Specifically, Movant alleged trial counsel failed to: (1) investigate and submit evidence regarding Movant's intellectual, mental, and social limitations to support his motion to suppress his "involuntary incriminating statements"; (2) investigate and submit that same evidence to support his theory of a "false confession"; (3) introduce expert testimony to support his theory that the assailant must have been right-handed, unlike Movant; (4) introduce evidence and argument that Movant was not the person in a video that tipped off police; and (5) ensure that the DNA evidence of his proposed alternate suspect was also tested and compared to the items tested from the crime scene.

2

Our review of a denial of post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); ***Creighton v. State***, 520 S.W.3d 416, 418 (Mo. banc 2017). The motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the reviewing court with "the definite and firm impression that a mistake has been made." ***Creighton***, 520 S.W.3d at 418 (citation omitted).

Both Movant and the State argue that a mistake has been made in this case. We agree. The motion court mistakenly denied all six claims when the court intended only to deny the single claim concerning appellate counsel without an evidentiary hearing.[3] According to the motion court's order, the court clearly relied on the State's argument concerning appellate counsel, and that argument would not apply to trial counsel. Movant's allegations against trial counsel allege failures to present five types of evidence at trial. "We presume that trial counsel acted professionally and that any challenged action was part of counsel's reasonable trial strategy, and a movant must prove otherwise by a preponderance of the evidence." ***Billingsley v. State***, 649 S.W.3d 372, 376 (Mo. App. 2022). The existing trial record contains no evidence about counsel's decision-making process for not offering the evidence described in the amended motion. Therefore, an evidentiary hearing will be required so relevant testimony can be presented and its credibility assessed before ruling on each claim. *See, e.g.*, ***McLemore v. State***, 635 S.W.3d 554, 560 n.2 (Mo. banc 2021) (if the decision about whether trial counsel's actions could be sound trial strategy requires facts outside the trial record, an evidentiary hearing is required to establish such

---

[3] If "the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Rule 29.15(h); ***Wright v. State***, 655 S.W.3d 810, 813 (Mo. App. 2022).

facts); *Tresler v. State*, 590 S.W.3d 428, 430 (Mo. App. 2019) (evidentiary hearing held on several claims involving evidentiary decisions at trial).

Thus, while the motion court addressed the single claim involving appellate counsel, there is nothing in the record to indicate the motion court ruled on the other five claims involving trial counsel. It is well settled that an order denying post-conviction relief is not final and appealable if it fails to "acknowledge, adjudicate, or dispose" *all* of the claims asserted in the post-conviction motion. *Creighton*, 520 S.W.3d at 423 n.9; *see Tresler*, 590 S.W.3d at 430 (a final judgment resolves all claims and issues in a case, leaving nothing for future determination). "Absent a final judgment, there is no appellate review and the appeal must be dismissed." *Tresler*, 590 S.W.3d at 430 (citation omitted); *Conn v. State*, 564 S.W.3d 386, 387 (Mo. App. 2018); *see also Rogers v. State*, 610 S.W.3d 733, 736 (Mo. App. 2020). Movant's point is granted.

Appeal dismissed.


JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

JENNIFER R. GROWCOCK, J. – CONCUR