

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| RACHEL A. KINSELLA, | ) | No. ED111204 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Joseph S. Dueker |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: August 13, 2024 |

### Introduction

Rachel A. Kinsella ("Movant") appeals the motion court's denial of her Rule 29.15[1] amended motion for post-conviction relief after an evidentiary hearing. We cannot reach the merits of Movant's appeal because her amended motion was not filed within the mandatory time limit set forth in Rule 29.15(g). Although the failure to timely file an amended motion creates a presumption of abandonment by post-conviction counsel that may excuse a late filing, the abandonment doctrine only applies to *appointed* post-conviction counsel. *Gittemeier v. State*, 527 S.W.3d 64, 69, 71 (Mo. banc 2017). Because the motion court did not appoint Movant's post-conviction counsel, the abandonment doctrine does not apply, and the motion court lacked authority to rule on the amended motion. And since the motion court did not adjudicate all claims

---

[1] All rule references are to the Missouri Supreme Court Rules. Pursuant to Rule 29.15(m) (2022), we apply the provisions of Rule 29.15 in effect on December 31, 2017.

raised in Movant's pro se motion, there is no final, appealable judgment for us to review. Accordingly, we must dismiss the appeal.

## Background

A jury convicted Movant of first-degree assault and first-degree endangering the welfare of a child, and the trial court sentenced her to concurrent terms of twenty-five years' imprisonment on the assault count and seven years' imprisonment on the endangerment count. This Court affirmed Movant's convictions and sentences on direct appeal. *See State v. Kinsella*, 578 S.W.3d 802 (Mo. App. E.D. 2019).

On April 8, 2019, Movant timely filed a pro se Rule 29.15 motion for post-conviction relief. Without being appointed by the motion court, Movant's post-conviction counsel, an assistant public defender, entered his appearance on September 5, 2019. Post-conviction counsel requested and received a thirty-day extension in which to file an amended motion, making Movant's amended motion due on December 4, 2019. Movant's post-conviction counsel, however, did not file the amended motion until April 2, 2021.

Along with Movant's untimely amended motion, post-conviction counsel filed a motion pursuant to *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991), requesting the motion court to excuse the untimely filing because the delay was solely attributable to post-conviction counsel and not to Movant. The motion court conducted an independent abandonment inquiry and, although it did not enter an appointment order in this case, the motion court "identifie[d]" Movant's post-conviction counsel "as appointed counsel rather than retained counsel" because Movant was indigent and her post-conviction counsel was an assistant public defender. The motion court granted Movant's *Sanders* motion, excusing Movant's untimely filing pursuant to the

2

abandonment doctrine. The motion court adjudicated and subsequently denied Movant's amended motion after an evidentiary hearing. This appeal follows.

## Standard of Review

We review a post-conviction relief motion to determine "whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009); Rule 29.15(k). We also review the motion court's determination of whether a Movant has been abandoned for clear error. *Williams v. State*, 602 S.W.3d 275, 279 (Mo. App. E.D. 2020) (citing *Eckert v. State*, 591 S.W.3d 903, 906 (Mo. App. W.D. 2019)). The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with a "definite and firm impression that a mistake has been made." *Forrest*, 290 S.W.3d at 708 (quoting *Goodwin v. State*, 191 S.W.3d 20, 26 (Mo. banc 2006)).

## Discussion

"Before reviewing the merits of an appeal from a motion court's denial of post-conviction relief, we are obligated to examine the timeliness of the amended motion." *Little v. State*, 652 S.W.3d 390, 392 (Mo. App. E.D. 2022). Here, Movant readily acknowledges her amended motion was filed out of time but argues its untimeliness should be excused because she was abandoned by her post-conviction counsel. The abandonment doctrine authorizes a motion court to accept a late-filed amended motion when the movant filed "a timely pro se motion for postconviction relief, the motion court appoint[ed] counsel to represent the movant, and appointed counsel fail[ed] to file the amended motion in a timely manner." *Jendro v. State*, 680 S.W.3d 585, 591 (Mo. App. S.D. 2023) (citing *Stanley v. State*, 420 S.W.3d 532, 541-42 (Mo. banc 2014)). The State counters that the abandonment doctrine does not apply in this case because Movant's post-conviction counsel was never appointed by the motion court. We agree with the State.

3

"Abandonment by post-conviction counsel is limited to two circumstances: (1) where counsel fails to take any action with respect to filing an amended motion and the movant is thereby deprived of a meaningful review of his claims; and (2) where counsel fails to file a timely amended motion despite being aware of the need to do so." *Simmons v. State*, 240 S.W.3d 166, 171 (Mo. App. W.D. 2007) (citing *Barnett v. State*, 103 S.W.3d 765, 773-74 (Mo. banc 2003)). The Supreme Court of Missouri held in *Gittemeier* that the abandonment doctrine "applies only to situations involving *appointed* postconviction counsel." 527 S.W.3d at 71 (emphasis added). Rule 29.15(g) also distinguishes between appointed and non-appointed counsel:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and: (1) **Counsel is appointed, or** (2) An entry of appearance is filed by **any counsel that is not appointed but enters an appearance on behalf of movant**.

(Emphasis added).

This Court recently applied the *Gittemeier* holding in *Kemper v. State*, 681 S.W.3d 611 (Mo. App. E.D. 2023), where the movant's post-conviction counsel, a non-appointed assistant public defender, filed an untimely amended motion. 681 S.W.3d at 613. After an abandonment inquiry, the motion court concluded that the movant had been abandoned by his post-conviction counsel and adjudicated the movant's late-filed amended motion. *Id.* at 614. This Court reversed, pursuant to *Gittemeier*, concluding that the abandonment doctrine was inapplicable because it only applies to appointed counsel and the motion court had never appointed the movant's post-conviction counsel. *Id*. The *Kemper* Court remanded the case for the motion court to consider the merits of the movant's pro se motion. *Id.* at 615.

Here, we are faced with an essentially identical situation. The motion court never appointed the assistant public defender to represent Movant in her post-conviction proceeding.

Instead, the assistant public defender voluntarily entered his appearance on Movant's behalf. As in *Kemper*, the abandonment doctrine does not apply here because post-conviction counsel was not appointed by the motion court. *See id.* at 614.

Although the motion court acknowledged that it had never entered an appointment order, it nonetheless "identifie[d]" post-conviction counsel "as appointed counsel" based on his status as an assistant public defender representing an indigent client.[2] But post-conviction counsel's status by itself did not permit the motion court to apply the abandonment doctrine. In *Creighton v. State*, 520 S.W.3d 416 (Mo. banc 2017), the Supreme Court of Missouri rejected the argument that a "public defender could serve as post-conviction counsel *only* on appointment by the motion court." *Id.* at 421 (emphasis added). *Creighton* analyzed whether a motion court's memorandum notifying the public defender's office that a movant had filed a pro se motion is an appointment triggering Rule 29.15(g) filing deadlines. *Id.* The Supreme Court determined that such a memorandum does not constitute an appointment and went on to hold that when the motion court does not appoint counsel and a public defender enters his or her appearance on the movant's behalf, the "[m]ovant's public defender . . . unquestionably qualifies as 'any counsel that is not appointed but [who] enters an appearance on behalf of movant.'" *Id.* (quoting Rule 29.15(g)). Although *Creighton* did not reach the abandonment issue because the movant's amended motion had been timely filed, the Court's reasoning supports the conclusion that Movant's post-conviction counsel was not "appointed" for purposes of the abandonment doctrine simply because of his status as an assistant public defender; to the contrary, he could not have been "appointed" because the motion court did

---

[2] Movant does not contend that the judgment's "identifi[cation]"of Movant's post-conviction counsel as "appointed" constituted an appointment in itself, nor could she. A finding that post-conviction counsel was appointed requires a record of a valid appointment order issued by the motion court to the public defender's office. *See Creighton*, 520 S.W.3d 416, 419-21 (Mo. banc 2017); *see also Garretson v. State*, 2024 WL 3034860, at *3-4 (Mo. App. W.D. June 18, 2024) (holding that docket entries notifying public defender of pro se motion did not constitute appointment of counsel even though the judgment stated that the motion court had appointed counsel on that date).

5

not enter an appointment order in this case. *Id.*; *see also Borschnack v. State*, 614 S.W.3d 561, 567, 569 (Mo. App. S.D. 2020) (holding that the motion court could not find that public defenders were appointed without evidence that their offices received an order of appointment from the motion court).

Movant nevertheless maintains that the abandonment doctrine applies to non-appointed public defenders, relying on *Watson v. State*, 536 S.W.3d 716 (Mo. banc 2018). The principal issue in that case was the timeliness of the movant's amended motion. *Id.* at 717. After determining that the movant's non-appointed post-conviction counsel, a special public defender, failed to timely file the amended motion, the Supreme Court remanded the case to the motion court for an abandonment inquiry. *Id.* at 717-20. The *Watson* Court did not discuss the *Gittemeier* case.

It is difficult to reconcile the disposition in *Watson*—a case where the Supreme Court specifically noted that "no public defender was appointed," *id.* at 718—with the direct holding in *Gittemeier*, decided just a year earlier, that the abandonment doctrine "applies only to situations involving appointed postconviction counsel." *Gittemeier*, 527 S.W.3d at 71. But to conclude, as Movant suggests, that *Watson* superseded or overruled *Gittemeier*, we would have to find that the Supreme Court did so implicitly, or *sub silentio*.

The Supreme Court has defined *sub silentio* as "without notice being taken or without making a particular point of the matter in question." *Badahman v. Catering St. Louis*, 395 S.W.3d 29, 37 n.10 (Mo. banc 2013) (quoting Webster's New Int'l Dictionary 2279 (3d ed. 1976)). We presume, absent a contrary showing, that the Supreme Court has not overruled one of its decisions *sub silentio*. *State v. Honeycutt*, 421 S.W.3d 410, 422 (Mo. banc 2013), *abrogated on other grounds by State v. Harris*, 675 S.W.3d 202 (Mo. banc 2023). As the Supreme Court has explained, "[i]f the majority chooses to overrule [a case] it is far preferable to do so by the front

6

door of reason rather than the amorphous back door of *sub silentio*." *Id.* (second alteration in original) (quoting *Keller v. Marion Cnty. Ambulance Dist.*, 820 S.W.2d 301, 308 (Mo. banc 1991) (Holstein, J., dissenting)). Put simply, "Supreme Court decisions that have not subsequently been criticized, modified, or overruled are controlling authority," and "[w]e do not presume the Supreme Court has overruled its previous decision unless it proclaims otherwise." *McMillan v. Pilot Travel Ctrs., LLC*, 515 S.W.3d 699, 706 (Mo. App. E.D. 2016) (citations omitted).

We do not conclude that the Supreme Court, by its disposition in *Watson*, intended to implicitly overrule *Gittemeier*'s holding that the abandonment doctrine "applies only to situations involving appointed postconviction counsel." *Gittemeier*, 527 S.W.3d at 71. Nor do we conclude, for that matter, that the Supreme Court intended the disposition in *Watson* to implicitly overrule *Creighton*'s recognition that a public defender who voluntarily enters his or her appearance qualifies as "any counsel that is not appointed but [who] enters an appearance on behalf of movant." *Creighton*, 520 S.W.3d at 421 (quoting Rule 29.15(g)).

In her final argument, Movant asserts that because the motion court "failed to appoint counsel as required by Rule 29.15(e)," this Court should restore her "back to the position she would have been in if the motion court had fulfilled its obligation," by either "remand[ing] for appointment of counsel and restart[ing] the time limitations for newly appointed counsel" or accepting the untimely amended motion and "decid[ing] the issues she raised on appeal on their merits." We decline to do so. First, although the motion court did not appoint counsel as required by Rule 29.15(e), the rule "provides no specific time within which the court must appoint counsel . . . only that, at some point, the court must ensure counsel is appointed to represent an indigent movant." *Creighton*, 520 S.W.3d at 420. Second, the purpose of Rule 29.15(e) is to eliminate "undue delay in achieving finality of criminal convictions" by providing indigent movants with

legal counsel to review their post-conviction motions. *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014); *see also Bullard v. State*, 853 S.W.2d 921, 922 (Mo. banc 1993). As this purpose was satisfied by counsel's voluntary entry of appearance in Movant's case, appointment by the motion court was not necessary. We will not interpret Rule 29.15(e) as requiring a motion court to appoint counsel for an indigent movant when it appears from the record that the movant is already represented.

In sum, the motion court clearly erred in applying the abandonment doctrine and considering Movant's late-filed amended motion, and should have instead reviewed the merits of Movant's pro se motion. *See Kemper*, 681 S.W.3d. at 615. In determining the proper disposition, we note that Movant's pro se motion contained multiple claims not included in the amended motion. Since the motion court only ruled on the amended motion, it did not adjudicate all of Movant's claims at the time it issued its judgment. "When a motion court fails to 'acknowledge, adjudicate, and dispose of all claims in its judgment,' then the judgment issued is not 'final.'" *Maguire v. State*, 536 S.W.3d 247, 250 (Mo. App. E.D. 2017) (quoting *Green v. State*, 494 S.W.3d 525, 531-33 (Mo. banc 2016), *superseded by rule on other grounds as stated in Creighton*, 520 S.W.3d at 422 n.8). "A final judgment is one that resolves all claims and issues in a case, leaving nothing for future determination," and is a prerequisite for appeal. *Green*, 494 S.W.3d at 527 (citations omitted). "Absent a final judgment there is no appellate review and the appeal must be dismissed." *Id.* at 528. Because the motion court has not yet adjudicated all of the claims asserted in Movant's pro se motion, we are required to dismiss this appeal for lack of a final judgment.

## Conclusion

For the foregoing reasons, we dismiss the appeal.

_____
MICHAEL E. GARDNER, Presiding Judge

Renée D. Hardin-Tammons, J., concurs.
Elizabeth B. Hogan, Sp.J., concurs.