

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| DEMETRIUS L. DAVIS | ) | No. ED112275 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 21SL-CC02307 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Stanley J. Wallach |
| | ) | |
| Respondent. | ) | FILED: February 18, 2025 |

Opinion

Demetrius L. Davis (Davis) appeals from the motion court's denial of his amended Rule 29.15[1] motion for post-conviction relief after an evidentiary hearing. Davis raises four points on appeal, each alleging ineffective assistance of Trial Counsel. However, as a preliminary matter, the State argues the motion court clearly erred in reviewing Davis's untimely amended motion after finding Davis was abandoned by unappointed Missouri Public Defender Post-conviction Counsel. Because we find the doctrine of abandonment only applies to appointed counsel, and not counsel that voluntarily entered an appearance, the motion court was without authority to review the untimely amended motion and could only have reviewed the claims raised in Davis's timely filed *pro se* motion. Since not all claims in Davis's *pro se* motion were included in the

---

[1] All Rule references are to Mo. R. Crim. P. (2021), unless otherwise noted.

amended motion, the motion court's judgment did not rule on all claims and was not a final appealable judgment. Accordingly, we must dismiss the appeal.

## Background

The State charged Davis as a prior offender with three counts first-degree murder, four counts armed criminal action, and one count first-degree assault. Davis was convicted on all charges in a trial by jury. The court sentenced Davis to life in prison without the possibility of parole in the Missouri Department of Corrections. Davis directly appealed from his convictions, which were affirmed by this Court in *State v. Davis*, 619 S.W.3d 618 (Mo. App. E.D. 2021) (per curiam). This Court issued its mandate on April 22, 2021. Davis filed his *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence on May 20, 2021. Davis raised various claims in his *pro se* motion, including Trial Counsel's failure to call a professional (i.e., expert) witness to explain certain drug use and medical issues.

On June 22, 2021, Post-conviction Counsel entered her appearance and requested a thirty-day extension to file the Amended Motion. The court granted the continuance motion on June 30, 2021, making the amended motion due on September 22, 2021. Counsel filed a second extension motion on September 17, 2021. The motion court did not grant the motion until September 27, 2021. Post-conviction Counsel filed Davis's Amended Motion on October 22, 2021, which brought the same four claims as raised in this appeal: (1) Trial Counsel was ineffective for failing to call a witness who would have been willing and available to testify that Davis was not the shooter; (2) Trial Counsel was ineffective for failing to use previous inconsistent statements to impeach a witness who testified that Davis shot her; (3) Trial Counsel was ineffective for failing to argue that if the State's theory was that the shooter's motive was to steal firearms, and Davis knowingly left the firearms behind at the scene, then Davis could not

2

have been found to be the shooter; and (4) Trial Counsel was ineffective for failing to strike a Venireperson for cause.

The motion court held an evidentiary hearing on Davis's Amended Motion on May 3, 2023.[2]  At the hearing, Post-conviction Counsel acknowledged the Amended Motion was untimely filed and asked the motion court to find she abandoned Davis and to accept the untimely motion.  The State did not object to the court's finding of abandonment.  The motion court found Davis had been abandoned, accepted the untimely amended motion as timely filed and proceeded with the hearing.  On November 16, 2023, the motion court entered its order and judgment denying Davis post-conviction relief, as it found no ineffectiveness in Trial Counsel's performance.  Davis now appeals from the motion court's judgment.

<u>Standard of Review</u>

"We review a post-conviction relief motion to determine 'whether the motion court's findings of fact and conclusions of law are clearly erroneous.'"  *Kinsella v. State*, 698 S.W.3d 858, 862 (Mo. App. E.D. 2024) (quoting *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009)); *see also* Rule 29.15(k).  "We also review the motion court's determination of whether a Movant has been abandoned for clear error."  *Kinsella*, 698 S.W.3d at 862 (internal citation omitted).  "The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with a 'definite and firm impression that a mistake has been made.'"  *Id.* (quoting *Forrest*, 290 S.W.3d at 708).

---

[2] In compiling the facts for this case, we note that parties and the motion court communicated extensively in between the filing of the Amended Motion and the evidentiary hearing, including many docket entries indicating discussions regarding the necessity of an evidentiary hearing.

3

<u>Discussion</u>

Before determining the merits of Davis's arguments on appeal, we have an independent duty to verify the timeliness of the motion for post-conviction relief. *See Beerbower v. State*, 699 S.W.3d 558 (Mo. App. S.D. 2024) (citing *Moore v. State*, 458 S.W.3d 822, 826–27 (Mo. banc 2015)). Indeed, although we acknowledge Davis's contention that the State did not preserve this issue by failing to object at the abandonment inquiry, this Court nevertheless has a "duty to enforce the mandatory time limits . . . even if the State does not raise the issue." *Moore*, 458 S.W.3d at 526 (Fisher, J., concurring) (quoting *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014) (affirming the complete waiver of a movant's claims from his initial motion because the abandonment doctrine exists to only cure the untimely filing of amended motions by appointed counsel).

Post-conviction Counsel acknowledged at the evidentiary hearing that the Amended Motion was untimely filed,[3] and the motion court conducted an abandonment inquiry and found Davis had been abandoned by counsel, then proceeded to rule on claims in the Amended Motion. The State argues for the first time on appeal that the abandonment doctrine does not apply because Post-Conviction Counsel was not appointed. Given well-established precedent, we agree.[4] *See Beerbower*, 699 S.W.3d 557. Because Post-conviction Counsel, although a public

---

[3] Because "any motion for an extension of time under Rule 29.15 must be made ***and*** granted within the time that the amended motion is due[,]" the motion court's second extension—granted five days after the deadline to timely file had expired—was out of time. *Little v. State*, 652 S.W.3d 390, 393–94 (Mo. App. E.D. 2022) (internal quotation omitted). Thus, the deadline for timely filing the Amended Motion remained September 22, 2021, rendering Post-conviction Counsel's filing on October 22, 2021, untimely. *See id.* at 393–94 (internal citations omitted) (remanding for an abandonment inquiry because the motion court did not timely grant the request to extend the deadline for the amended motion).

[4] In Davis's reply brief, he notes the State did not cite *Watson v. State*, 536 S.W.3d 716 (Mo. banc 2018), or *Mack v. State*, 2024 WL 4674134 (Mo. App. W.D. November 5, 2024) (pending transfer). While we note those cases, we find the precedent in *Beerbower*, 699 S.W.3d 557 and *Kinsella*, 698 S.W.3d 861 to be controlling and we are obliged to follow these cases. Furthermore, to the extent that the supposed conflict Davis suggests in *Watson* is thereby dispositive of his appeal, we disagree and note that this suggestion is tempered by this Court's analysis in *Kinsella*, wherein we stated that *Watson* did not *sub silentio* override *Gittemeier*'s conclusion that the abandonment doctrine "applies only to situations involving appointed postconviction counsel." *Kinsella*, 698 S.W.3d at 864

4

defender, was never appointed by the motion court, the motion court lacked authority to rule on the Amended Motion. *Id.* at 559–60 (internal citation omitted); *see also Kinsella*, 698 S.W.3d at 861.

Rule 29.15 governs motions for post-conviction relief following a trial. In relevant part, Rule 29.15(e) states that "within [thirty] days after an indigent movant files a pro se motion, the [motion] court shall cause counsel to be appointed for the movant." Rule 29.15(g) also states:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion or statement in lieu of an amended motion shall be filed within [sixty] days of the earlier of the date both the mandate of the appellate court is issued and:
> (1) Counsel is appointed, or
> (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
> The court may extend the time for filing the amended motion or statement in lieu of an amended motion, with no extension exceeding [thirty] days individually and the total of all extensions not to exceed [sixty] days.

The abandonment doctrine, wherein the "failure to file a timely amended motion or statement in lieu of the amended motion by post-conviction counsel" creates a "presumption of abandonment" applies ***only*** when counsel is appointed. *Beerbower*, 699 S.W.3d at 558 (internal citations omitted). The doctrine exists to rectify a situation where "it is as if counsel had not been appointed at all, for counsel has abandoned his or her client." *Id.* (*Barton v. State*, 486 S.W.3d 332, 337 (Mo. banc 2016)). The abandonment doctrine, in its narrow application for ***appointed*** counsel, thus does not apply in situations where a post-conviction counsel ***voluntarily*** enters his or her appearance on behalf of their client. *Id.* at 559 (citing *Gittemeier v. State*, 527 S.W.3d 64, 71 (Mo. banc 2017)). The mere fact that a post-conviction counsel who voluntarily

---

(quoting *Gittemeier*, 527 W.W.3d 64, 71 (Mo. banc 2017)). Like we previously concluded in *Kinsella*, we cannot conclude that *Watson* overrules *Creighton*'s recognition that a public defender who "voluntarily enters his or her appearance qualifies as 'any counsel that is not appointed but [who] enters an appearance on behalf of movant.'" *Id.* (quoting *Creighton v. State*, 520 S.W.3d 416, 421 (Mo. banc 2017)).

5

enters on a movant's behalf is a public defender does not trigger the application of the abandonment doctrine. *Id.*; *see also Kemper v. State*, 681 S.W.3d 611, 615 (Mo. App. E.D. 2023); *Kinsella*, 698 S.W.3d at 863–64.

The notification that a motion court sends to the Missouri Public Defender's office when a movant files a *pro se* motion for post-conviction relief, even if notated in a docket entry, cannot be a substitute for the appointment of counsel. *Garretson v. State*, 695 S.W.3d 255, 261 (Mo. App. W.D. 2024) (holding "the motion court's docket entry in the post-conviction case sent to the public defender's office only advised the office that [movant] had filed a *pro se* post-conviction motion and did not serve as an appointment of counsel triggering the start of Rule 29.15's time limits"); *see also Creighton v. State*, 520 S.W.3d 416 (Mo. banc 2017); *Hopkins v. State*, 519 S.W.3d 433 (Mo. banc 2017). Missouri courts have explained that because the abandonment doctrine exists to protect movants from having no counsel at all, and in this situation unappointed counsel has taken some action in the case on the movant's behalf, the voluntary entry of a non-appointed public defender has no "no meaningful distinction" between privately retained counsel and a non-appointed public defender. *Beerbower*, 699 S.W.3d at 559–60.

In the case at bar, we find no indication in the record that Post-Conviction Counsel was ever appointed. At most, there is a docket entry on May 27, 2021 stating that the motion for post-conviction relief was hand-delivered to the "PA's Office" on May 24, 2021. Even had the docket entry shown notice of movant's *pro se* motion for post-conviction relief was sent to the Public Defender's office, it was not an appointment of counsel for purposes of the abandonment doctrine. *See Garretson*, 695 S.W.3d at 261. The next docket entry, on June 22, 2021, states that Post-conviction Counsel entered her appearance and requested a first extension of time to

6

file Davis's Amended Motion. Because Post-conviction Counsel was never appointed, the motion court clearly erred in applying the abandonment doctrine to excuse her untimely filing and rule on the Amended Motion. *See Beerbower*, 699 S.W.3d at 560; *Kinsella*, 698 S.W.3d at 861.

It is the motion court's obligation to "ensure counsel is appointed to represent an indigent movant." *Kinsella*, 698 S.W.3d at 864 (quoting *Creighton*, 520 S.W.3d at 420). Regrettably, that did not occur in the case at bar leading to an unfortunate result, but one which we are bound to follow by the clearly established precedent that the doctrine of abandonment applies only to appointed post-conviction counsel. The attorneys in this case were the same as in *Kemper*, and at oral argument, acknowledged that, in *Kemper,* PCR counsel filed a motion for appointment in addition to entering her appearance and a later-determined untimely amended motion. Although that motion was never granted, we note that in the case before us had such a motion been made orally or in writing, and given that there was no objection by the State, the motion court could have granted the motion appointing post-conviction counsel and subsequently proceeded with the abandonment inquiry. However, while persuasive, the record in *Kemper* is not subject to our consideration.[5] Alternatively, the motion court could have appointed post-conviction counsel *sua sponte*. However, the court here did not take ***any*** action to ensure counsel was appointed. *See id.*

Given that the motion court could not apply the abandonment doctrine to review the untimely Amended Motion, the motion court should have instead reviewed and ruled on the merits of Davis's *pro se* motion. *See Kinsella*, 698 S.W.3d at 865 (internal citation omitted);

---

[5] We do not consider evidence not part of the record on appeal. *Brown v. Pro Basement, Inc.*, 686 S.W.3d 352, 356 n.6 (Mo. App. E.D. 2024) (citing *Tarlton v. Dr. of Revenue, State*, 201 S.W.3d 564, 567 n.4 (Mo. App. E.D. 2006) (stating documents not contained in a legal file are not part of the appellate record, cannot be relied on by the parties, and appellate courts cannot consider the [information] in appellate review).

*Kemper*, 681 S.W.3d at 615. Moreover, as Davis's *pro se* motion included at least one claim not raised in the amended motion, the motion court failed to dispose of all of the claims and the judgment is not final. *See Beerbower*, 699 S.W.3d at 560 (internal citation omitted). "Absent a final judgment there is no appellate review and the appeal must be dismissed." *Kinsella*, 695 S.W.3d at 865 (quoting *Green v. State*, 494 S.W.3d 525, 527–28 (Mo. banc 2016) *superseded by rule on other grounds as stated in Creighton*, 520 S.W.3d at 422 n.8).

<u>Conclusion</u>

The appeal is dismissed for lack of a final judgment and remanded for further proceedings consistent with this opinion.

Rebeca Navarro-McKelvey, J.

Lisa P. Page, C.J., and
Virginia W. Lay, J., concur.